1  REYNOLDS TILBURY WOODWARD LLP
   ADRIAN J. WEBBER (Bar No. 259118)
2  AVALON J. FITZGERALD (Bar No. 288167)
   11601 Blocker Drive, Suite 105
3  Auburn, CA 95603
   Telephone:  (530) 885-8500
4  Facsimile:  (530) 885-8113
   awebber@rtwlawllp.com
5  afitzgerald@rtwlawllp.com

6  Attorneys for Defendant HYDE CAVIAR, LLC

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  JUAN JOHNSON, an individual          Case No.

12          Plaintiff,                   (Sacramento County Superior Court Case
                                         No. 34-2023-00337875-CU-WT-GDS)
13      v.
                                         **NOTICE OF REMOVAL**
14  Hyde Caviar, LLC, a Delaware limited liability
    company; and DOES 1-25, inclusive
15

16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JUAN JOHNSON AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Hyde Caviar, LLC ("Defendant" or "Hyde") hereby removes the above-entitled action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California. This Court has original subject matter jurisdiction over Plaintiff Juan Johnson's ("Plaintiff") lawsuit based on diversity jurisdiction.

In support of this removal, Defendant states the following:

**PLEADINGS, PROCESS, AND ORDERS**

1.      On March 29, 2021, Plaintiff filed an unverified complaint for damages in the Superior Court of the State of California, for the County of Sacramento, entitled *Juan Johnson v. Hyde Caviar, LLC*, Case No. 34-2023-00337875-CU-WT-GDS (the "Complaint"). The Complaint alleges six causes of action: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in an Interactive Process; (4) Retaliation under FEHA; (5) Failure to Prevent Discrimination & Retaliation; (6) Wrongful Termination in Violation of Public Policy.

2.      A summons, Plaintiff's Complaint, and civil cover sheet were served on Defendant on April 20, 2023. A true and correct copy of the Summons is attached hereto as **Exhibit A.** A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit B.** A true and correct copy of the Civil Cover Sheet is attached hereto as **Exhibit C.** Also on file in the state court action is a Notice of Case Assignment and Case Management Conference, a true and correct copy of which is attached hereto as **Exhibit D.**

3.      On May 19, 2023, Defendant filed and served its Answer to the Complaint. A true and correct copy of the Answer to the Complaint is attached as **Exhibit E.**

4.      **Exhibits A, B, C, D,** and **E** constitute all the pleadings, process, and orders served upon or by Defendant in the Superior Court action.

/ / /

1

**REMOVAL IS TIMELY**

5.    Removal is timely. Defendant was served with Plaintiff's Complaint on April 20, 2023. This notice of removal is timely filed because it is filed within 30 days of Defendant being served a copy of a paper (in this case, the Complaint) that revealed this case was properly removable, 28 U.S.C. § 1446(b)(1); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (holding that "defendant is entitled to thirty days to exercise his removal rights after being served."), as extended by Federal Rule of Civil Procedure 6(a)(1)(C). Specifically, the thirtieth day following the date of service is Saturday, May 20, 2023. Under Federal Rule of Civil Procedure 6(a)(1)(C), when a period of time is calculated in days and a deadline falls on a Saturday, Sunday, or legal holiday, the time runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. Accordingly, the deadline for removal is Monday, May 22, 2023.

6.    No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**DIVERSITY JURISDICTION EXISTS**

7.    This action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332. Removal to this Court is proper under the provisions of 28 U.S.C. §§ 1441(a) and (b) because the action involves citizens of different states and the amount in controversy exceeds $75,000.

**A.    Complete Diversity of Citizenship Exists Between the Parties.**

8.    A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. *Id.* § 1441(a)–(b). The citizenship of defendants sued under fictitious names must be disregarded for removal purposes. *Id.* § 1441(b)(1). Here, all requirements are met because Plaintiff is a citizen of California and Defendant is a citizen of New York.

/ / /

### *1.  Plaintiff is a citizen of California.*

9.  An individual is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011) ("a domicile once acquired is presumed to continue until it is shown to have been changed"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Lew*, 797 F.2d at 751. Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Lew*, 797 F.2d at 751.

10.  At the time Plaintiff filed this civil action, Plaintiff was a citizen of the State of California. Declaration of Myra Tallerico in Support of Notice of Removal ("Tallerico Decl.") ¶ 3. Plaintiff was employed by Defendant in California from October 26, 2020, to August 5, 2022. *Id.* There are no documents in Plaintiff's personnel file that suggest he is now, or has been, a citizen of the state of New York. *Id.* ¶ 5.

### *2.  Defendant is a citizen of New York.*

11.  For diversity purposes, a limited liability company is deemed a citizen of the states of all its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.  Hyde's members are Duncan Goldie Morrison, Canyon Bound, LLC, and Eugene Fernandez. Declaration of Eugene Fernandez in Support of Notice of Removal ("Fernandez Decl.") ¶ 3. Duncan Goldie Morrison and Eugene Fernandez are both citizens of New York. *Id.* Canyon Bound, LLC's sole member is Michael Cox, who is also a citizen of New York. *Id.* ¶ 4.

13.  Defendant is therefore a citizen of the State of New York for purposes of determining diversity jurisdiction. *Johnson*, 437 F.3d at 899. As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen and/or resident of the State of California for purposes of determining diversity jurisdiction.

/ / /

14.     In compliance with 28 U.S.C. § 1441(b)(2), none of the "parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

15.     Based on the foregoing, complete diversity exists because Plaintiff is a citizen of California and Defendant is a citizen of New York.

**B.     The amount Plaintiff places in controversy exceeds $75,000.**

16.     Although the Complaint does not allege an amount of damages as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

17.     That standard is met here. Plaintiff alleges in his Complaint that Defendant discriminated against him on the basis of his alleged disability, refused him a reasonable accommodation, and failed to engage in the interactive process. Plaintiff seeks to recover "declaratory relief;" "injunctive relief;" "actual, consequential, and incidental financial losses, including loss of earnings and employment benefits, together with prejudgment interest;" "punitive damages;" "compensatory, general, and special damages, including front pay;" "statutory attorneys' fees;" "prejudgment and post-judgment interest;" "costs of suit;" "expert witness fees pursuant to FEHA;" and "other relief as the court deems just and proper." Ex. A, Compl., Prayer for Relief. Were Plaintiff to prevail in this action, the damages could exceed $75,000.

18.     Defendant does not concede that Plaintiff is entitled to an award of any such amounts, or any amount at all; Defendant merely alleges that, by virtue of the allegations in his Complaint, Plaintiff has placed these amounts in controversy.

> *1.     Plaintiff's claim for loss of earnings places at least $236,896.00 in controversy.*

19.     Plaintiff's complaint includes a claim for loss of earnings. Ex. A, Compl., ¶¶ 33, 41, 52, 64, 75, Prayer for Relief. At the time of his termination, Plaintiff was paid an hourly rate of $33.65. Tallerico Decl. ¶ 4; *see also* Ex. A, Compl, ¶ 15. Plaintiff worked approximately 40

4

1    hours per week. *Id.* A jury trial in this case likely would not occur for almost three years from the

2    date of the filing of Plaintiff's Complaint. *See* United States District Courts – National Judicial

3    Caseload Profile for the Eastern District of California (reflecting a median time of approximately

4    thirty-two months from filing date to trial date in civil cases in the Eastern District of California).

5    Plaintiff filed his Complaint on April 13, 2023. Thirty-two months from the date of filing is

6    December 13, 2025.

7         20.    At the time of trial, Plaintiff's lost wages claim would be approximately

8    $236,896.00 ($33.65*40 hours/week*176 weeks). *See, e.g.*, *Melendez v. HMS Host Family Rest.,*

9    *Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected

10   lost wages from alleged adverse employment action to anticipated date of judgment in amount in

11   controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399,

12   at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after

13   removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D.

14   Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

15              ***2.    Plaintiff's allegations of emotional distress damages place additional
16              amounts in controversy.***

17        21.    Plaintiff also alleges emotional distress damages. See, e.g., Ex. A, Compl., ¶¶ 34,

18   42, 53, 65, 76, 89. "Courts may consider emotional distress damages in assessing the amount in

19   controversy." *Zamudio v. Aerotek, Inc.*, No. 1:21-CV-01673-JLT-BAK-SKO, 2022 WL 458059, at

20   *4 (E.D. Cal. Feb. 15, 2022) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

21   "Where a plaintiff does not demand a specific dollar amount of recovery for claims of emotional

22   distress, the removing party may introduce evidence of jury verdicts in analogous cases." *Id.*

23   (citing *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *4 (E.D. Cal. July 11, 2008)).

24   Defendant does not concede such damages are warranted.

25        22.    Numerous jury verdicts in analogous cases have awarded more than $75,000 in

26   emotional distress damages alone. This Court has looked to *Molina v. Target Corporation*—in

27   which the Central District of California cited three California jury verdicts of $75,000, $90,000,

28   and $135,000 in emotional distress damages awarded in disability discrimination and wrongful

termination cases—as persuasive evidence that a plaintiff alleging these claims could recover $75,000 in emotional distress damages. *Zamudio*, 2022 WL 458059, at *4 (citing *Molina*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *4 (C.D. Cal. Aug. 14, 2018)). Those three California jury verdicts cited by *Molina* are: *Wiley v. Trendwest Resorts, Inc.*, Contra Costa County Superior Court Case No. MSC05-01991 (special verdict rendered on October 18, 2010), *Hernandez v. Regents of the University of California*, Alameda County Superior Court Case No. RG06272564 (special verdict rendered on September 25, 2009), and *Johnson v. BCI Coca-Cola of Los Angeles*, Alameda County Superior Court Case No. 2002-074745 (special verdict rendered on December 16, 2004).

23.     This Court has also looked to *Hancock v. Time Warner Cable LLC*, a wrongful termination action, in which a jury returned a verdict including $450,000 in past non-economic loss and $100,000 in future non-economic loss as evidence of the amount placed in controversy by a claim for emotional distress damages in a disability discrimination case. *Zamudio*, 2022 WL 458059, at *4 (citing *Hancock*, Los Angeles Superior Court Case No. BC482161 (Cal. Super. Ct. May 22, 2015)). Likewise, this Court has looked to *Ko v. Square Grp. LLC*, a disability discrimination action in which a jury returned a verdict including $125,000 in emotional distress damages, as persuasive evidence that a plaintiff alleging these claims could recover $75,000 in emotional distress damages. *Zamudio*, 2022 WL 458059, at *4 (citing *Ko*, Case No. BC 487739, 2014 WL 8108413 (Cal. Super. Ct. June 16, 2014)).

24.     Accordingly, it is reasonable to assume that Plaintiff seeks in excess of $75,000 for alleged emotional distress damages alone.

### 3.     *Plaintiff's claim for punitive damages places additional amounts in controversy.*

25.     Plaintiff also requests an unspecified amount in punitive damages. Ex. A, Compl., ¶¶ 36, 44, 55, 67, 78, 90, Prayer for Relief. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction when punitive damages are recoverable as a matter of law. *Gibson*, 261 F.3d at 945. Here, Plaintiff's action is brought

pursuant to the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq.* Punitive damages are available under FEHA. *Id.* § 12940.

26.    While Defendant does not concede that punitive damages are warranted, California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Ko*, 2014 WL 3555573 (disability discrimination case resulting in punitive damages award of $500,000). In *Molina*, the court "applied a conservative 1:1 ratio of Plaintiff's compensatory damages with punitive damages." *Molina*, 2018 WL 3935347, at *4. Thus, Plaintiff's claim for punitive damages places an amount in controversy above the jurisdictional threshold.

### 4.    Plaintiff's Claim for Attorneys' Fees Places Additional Amounts in Controversy.

27.    Plaintiff also seeks to recover an unspecified amount of attorneys' fees. Ex. A, Compl., Prayer for Relief. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)). The Court must consider the total amount of attorneys' fees "likely to be incurred" during the course of litigation. *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 WL 3863489, at *4-5 (E.D. Cal. Aug. 19, 2008).

28.    Here, Plaintiff brings claims under the FEHA, which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees").

/ / /

29.    Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding $300 per hour to be a "reasonable rate" for attorneys' fees in employment cases and 100 hours to take a case to trial to be a "conservative" estimate; therefore, attorneys' fees in employment cases "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)"). Even more conservatively, Plaintiff may reasonably be expected to incur at least $30,000 in fees, assuming Plaintiff's counsel charges at least $300 per hour and expends 100 hours to take the case to trial. *Id.*; *see also Simmons*, 209 F. Supp. 2d at 1035 (finding jurisdictional threshold satisfied in part because, "[a]lthough attorneys' fees cannot be precisely calculated," in the court's "twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").

30.    Thus, the attorneys' fees incurred by Plaintiff in connection with prosecuting the instant action would increase the amount in controversy even more, and, when combined with the other damages, exceed the jurisdictional threshold of this Court.

31.    While Defendant denies any and all liability to Plaintiff and does not waive any defenses or arguments regarding Plaintiff's entitlement to recover damages or attorneys' fees, based on a conservative, good faith estimate of the value of the damages claimed by Plaintiff in this action (lost wages, emotional distress, punitive damages, and attorneys' fees), the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Zamudio* 2022 WL 458059, at *6 (E.D. Cal. Feb. 15, 2022) (holding that Plaintiff's damage claim, including lost wages, emotional distress, punitive damages, and attorneys' fees, was enough to put the amount in controversy above $75,000).

/ / /

/ / /

/ / /

1

## VENUE

2    32.    Venue is proper in the Eastern District of California under 28 U.S.C. § 1441(a)

3    because this district embraces the county—Sacramento—in which the removed action has been

4    pending.

5    ## NOTICE OF REMOVAL

6    33.    Defendant will promptly serve this Notice of Removal on Plaintiff and file it with

7    the Clerk of the Superior Court of the State of California, County of Sacramento, as required by

8    28 U.S.C. § 1446(d).

9    ## NON-WAIVER

10    34.    By removing this action to federal court, and by this Notice of Removal,

11    Defendant does not waive any defenses available it, nor does Defendant admit any of the

12    allegations contained in Plaintiff's Complaint.

13    ## PRAYER FOR RELIEF

14    WHEREFORE, Defendant respectfully requests that this action be removed from the

15    Superior Court of the State of California for the County of Sacramento to the United States

16    District Court for the Eastern District of California, and that all future proceedings in this matter

17    take place in the United States District Court for the Eastern District of California.

18    If any question arises as to the propriety of the removal of this action, Defendant requests

19    the opportunity to present a brief, evidence, and oral argument in support of its position that this

20    case is removable.

21    Dated:  May 22, 2023                        REYNOLDS TILBURY WOODWARD LLP

22

23

24                                                  By: _____/s/  Avalon J. Fitzgerald_____
                                                         AVALON JOHNSON FITZGERALD
25                                                          Attorneys for Defendant
                                                            HYDE CAVIAR, LLC
26

27

28

EXHIBIT A



**ORIGINAL**

SUM-100

**SUMMONS** **BY FAX**
*(CITACION JUDICIAL)*

Superior Court Of California,
Sacramento
04/14/2023

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
bprasad1
By.................................., Deputy
Case Number:
**34-2023-00337875**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HYDE CAVIAR, LLC, a Delaware limited liability company; and DOES 1-25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN JOHNSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sacramento<br>720 9th Street, Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ariel A. Pytel, Tower Legal Group, 11335 Gold Express Drive, Suite 105, Gold River, CA 95670, 916-361-6009

DATE: **APR 1 4 2023**
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

2023 APR 13  PM 12: 16

EXHIBIT B

**ORIGINAL**

FILED
Superior Court Of California,
Sacramento
04/13/2023
bprasadt
By_____, Deputy
Case Number:
34-2023-00337875

1　**TOWER LEGAL GROUP, P.C.**
　　James A. Clark (SBN 278372)
2　Renee P. Ortega (SBN 283441)
　　Ariel A. Pytel (SBN 328917)
3　11335 Gold Express Drive, Suite 105
　　Gold River, CA 95670
4　Tel: (916) 361-6009
　　Fax: (916) 361-6019
5　E-mail:james.clark@towerlegalgroup.com
6　　　　renee.ortega@towerlegalgroup.com
　　　　　ariel.pytel@towerlegalgroup.com
7

8　Attorneys for Plaintiff
　　JUAN JOHNSON
9

10

11　　**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

12　　　　　　　　**COUNTY OF SACRAMENTO**

13　　　　　　　**UNLIMITED CIVIL JURISDICTION**

14

15　JUAN JOHNSON, an individual　　　　| Case No.

16　　　　Plaintiff,　　　　　　　　　　| **COMPLAINT FOR DAMAGES:**

17　　　　v.　　　　　　　　　　　　　　| 1. Disability Discrimination (Cal. Gov't
　　　　　　　　　　　　　　　　　　　　　　Code § 12940(a));
18　HYDE CAVIAR, LLC, a Delaware limited | 2. Failure to Accommodate (Cal. Gov't Code
　　liability company; and DOES 1-25, inclusive,　　§ 12940(m));
19　　　　　　　　　　　　　　　　　　　| 3. Failure to Engage in an Interactive
20　　　　Defendants.　　　　　　　　　　　　Process (Cal. Gov't Code § 12940(n))
　　　　　　　　　　　　　　　　　　　　| 4. Retaliation under FEHA (Cal. Gov't Code
21　　　　　　　　　　　　　　　　　　　　　§ 12940(m)(2));
22　　　　　　　　　　　　　　　　　　　| 5. Failure to Prevent Discrimination, &
　　　　　　　　　　　　　　　　　　　　　　Retaliation (Cal. Gov't Code § 12940(k));
23　　　　　　　　　　　　　　　　　　　　　and
24　　　　　　　　　　　　　　　　　　　| 6. Wrongful Termination in Violation of
　　　　　　　　　　　　　　　　　　　　　　Public Policy.
25

26　　　　　　　　　　　　　　　　　　　| **DEMAND FOR JURY TRIAL**

27

28

**BY FAX**

---

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
- 1 -

Plaintiff Juan Johnson alleges:

## PARTIES

1. Plaintiff Juan Johnson referred to as ("Johnson" or "Plaintiff" or "Plaintiff Johnson") is a male adult natural person who is and was at all times mentioned a resident of the State of California and employed by Defendant Hyde Caviar, LLC in the County of Sacramento, State of California.

2. Defendant Hyde Caviar, LLC ("Hyde Caviar" or "Defendant" or "Defendant Hyde Caviar") was at all times material to this Complaint, an employer of Plaintiff, doing business in the State of California, County of Sacramento, and is an entity subject to suit before this Court.

3. DOES 1-25 are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff alleges on information and belief that DOES 1-25 are entities of unknown form who were the employers of the Plaintiff. They are also individuals who committed the torts alleged against Plaintiff. The true names and capacities, whether individual, corporate, associate, agency, or otherwise, of DOES 1-25, inclusive, are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

4. For the purposes of this Complaint, the terms "Hyde Caviar", "Defendant", "Defendant Hyde Caviar" and "DOES 1-25" will be collectively referred to as "Defendants."

5. Plaintiff alleges on information and belief that there exists, and, at all times relevant to this Complaint, existed a unity of interests between the Defendants such that any individuality and separateness between these Defendants has ceased, and these Defendants are the alter ego of the other Defendants and extend control over each other. Adherence to the fiction of the separate existence of these Defendants as an entity distinct from other Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

6. Plaintiff alleges on information and belief that the fictitiously named Defendants were the agents, servants, and employees of Defendants and, in doing the acts and things alleged in this Complaint, were at all times acting within the course and scope of said agency, servitude, and employment and with the permission, consent, and approval or subsequent ratification of the named

Defendants.

7.  Plaintiff alleges on information and belief that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint were acting within the scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants.

8.  Plaintiff alleges on information and belief that Defendants are employers subject to suit under the California Government Code and California Civil Code, as they are organizations with employees and individuals employed by an organization doing business in the State of California.

9.  Plaintiff alleges on information and belief that Defendants constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control.  Plaintiff also alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each other.  Whenever reference is made to the Defendants, it is intended to include the named Defendants as well as all of the DOE Defendants.  Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

## **VENUE AND JURISDICTION**

10.  Venue is proper because Plaintiff worked for Defendants in the County of Sacramento, State of California and Defendants were doing business in the County of Sacramento, State of California. Sacramento County is where Defendant Hyde Caviar's records relevant to the alleged unlawful practices are maintained and administered. Venue is also proper because the wrongful conduct that is alleged in this Complaint took place in the County of Sacramento, pursuant to California Government Code 12965(a).

11.  Pursuant to California Government Code 12965(a): "The civil action shall be brought in any county in which unlawful practices are alleged to have been committed, in the county in which records relevant to the alleged unlawful practices are maintained and administered, or in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices."

12.  Subject matter jurisdiction is met in this Court as the action incorporates an amount in

controversy exceeding $25,000.00.

13. On or about April 12, 2023 and within the time provided by law, Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH") and the DFEH issued an immediate Right to Sue on this date. DFEH Matter Number: 202304-20264712 was assigned to Plaintiff's Complaint of Discrimination. Plaintiff has properly exhausted his administrative remedies with the DFEH. ("**EXHIBIT A**")

14. At all times mentioned, the California Government Code was in full force and effect and binding on Defendants. Plaintiff is covered by the protections against discrimination and retaliation under the California Government Code.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Plaintiff began full-time employment with Defendant Hyde Caviar in Elverta, California in approximately 2008 as a temporary worker. Throughout Plaintiff's employment his work performance was stellar. Plaintiff held the position of a Processing Supervisor and earned an hourly wage of $33.00 at the time of his involuntary termination in August 2022.

16. In August of 2021, Plaintiff required a medical leave of absence due to a non-work-related back injury. Myra Tallerico, ("Tallerico") General Manager of Defendant Hyde Caviar, approved Plaintiff's medical leave.

17. On or about December 13, 2021, Plaintiff's doctor released him to return to work with temporary light-duty restrictions of "no lifting over 30 pounds and taking rest breaks as needed." Plaintiff provided Tallerico with his doctor's note.

18. On or about December 16, 2021, Plaintiff's doctor required Plaintiff to go on an additional medical leave of absence through February 16, 2022, due to his disabling medical condition. Plaintiff immediately informed Tallerico that he required additional medical leave as an accommodation and provided a doctor's note. Tallerico became irate with Plaintiff and informed him that it was not appropriate for him to request a medical leave of absence without first meeting with her face-to-face. Tallerico also informed Plaintiff that Defendant was going to terminate his benefits because he had been a non-active employee since August 2021. Plaintiff was confused and explained to Tallerico that he provided her with notice of his need for accommodation as soon as his doctor

informed him that he required additional medical leave. Plaintiff assured Tallerico that he would continue to keep her apprised of his need for medical leave by providing doctor's notes. Plaintiff became extremely worried that his job was in jeopardy because he required medical leave as an accommodation due to his disabling medical conditions.

19. Plaintiff's doctor continued to extend Plaintiff's medical leave and Plaintiff continued to provide Tallerico with updated doctor's notes requesting medical leave as an accommodation for his disabling medical condition. On or about April 23, 2022, Plaintiff underwent surgery to his back.

20. Plaintiff's doctor ultimately extended Plaintiff's medical leave through August 31, 2022, with a return-to-work date of September 1, 2022. Defendant approved Plaintiff's medical leave through September 1, 2022.

21. On or about July 27, 2022, Plaintiff informed Mario Leveron, ("Leveron") Processing Manager for Defendant Hyde Caviar, that he looked forward to returning to work on September 1, 2022 and anticipated his doctor would require him to return with light-duty restrictions as a temporary accommodation.

22. On or about July 29, 2022, Leveron informed Plaintiff that Tallerico was annoyed that Plaintiff anticipated he would require temporary light-duty as an accommodation upon his return to work and therefore, Tallerico decided to eliminate Plaintiff's position.

23. Plaintiff immediately contacted Tallerico to inquire about the status of his employment with Defendant. Tallerico confirmed that Defendant was terminating Plaintiff's employment effective July 29, 2022.

24. Plaintiff was left shocked, embarrassed, ashamed, emotionally hurt, and in financial desperation for having been terminated due to his disability, need for medical leave, and need for accommodations, despite his loyal and outstanding service to Defendant Hyde Caviar.

25. Plaintiff now timely brings this civil action.

//

//

//

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### (CAL. GOV'T CODE § 12940(a) et seq.)
### (Against All Defendants)

26. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

27. The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of disability, actual or perceived. (Cal. Gov't Code § 12940(a) et seq.)

28. At all times mentioned in this Complaint, Plaintiff was an "eligible employee" under FEHA, Cal. Gov't Code § 12900, et seq.

29. At all times mentioned in this Complaint, Defendant was a "covered employer" under FEHA, Cal. Gov't Code § 12900, et seq., as Defendant employed 5 or more people to perform services for a salary or wage in the State of California.

30. Defendants unlawfully discriminated against Plaintiff on the basis of Plaintiff's disability actual or perceived.

31. Plaintiff alleges on information and belief that his disability and need for accommodation were each a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment, in violation of Government Code § 12940, et seq.

32. Defendants were substantially motivated, in part, to terminate Plaintiff and refuse to re-hire Plaintiff because of Plaintiff's disability and need for accommodation.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

34. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

35. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendant who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

36. Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendant committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant. Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at trial.

37. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### (CAL. GOV'T CODE § 12940(m) et seq.)
### (Against All Defendants)

38. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

39. Defendants had an affirmative duty to provide a reasonable accommodation for Plaintiff's actual and/or perceived disability and failed to do so in violation of (Cal. Gov't Code § 12940(m), despite the fact that they had actual and constructive knowledge of Plaintiff's actual or perceived disability, need for accommodations, and Plaintiff's actual and/or constructive requestse for accommodations.

40. Plaintiff was able to perform the essential functions of his job with accommodation.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

42. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

43. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

44. Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

45. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS
### (CAL. GOV'T CODE § 12940(n) et seq.)
### (Against All Defendants)

46. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

47. Plaintiff requested reasonable accommodations for his actual or perceived disability so that he could perform the essential functions of his job.

48. Defendants had knowledge of Plaintiff's actual or perceived disability and requests for accommodation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

49.  Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential functions of his job.

50.  Defendants failed to engage in a timely, good faith interactive process with Plaintiff to determine whether reasonable accommodations could be made, despite the fact that it had actual and/or constructive knowledge of Plaintiff's actual or perceived disability and actual or constructive requests for accommodation.

51.  Defendants' failure to engage in a good faith interactive process was a substantial factor in causing Plaintiff harm.

52.  As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

53.  As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

54.  The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

55.  Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights.  Defendants committed and/or ratified the acts alleged herein.  These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

56. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION
### RETALIATION UNDER FEHA
### (CAL. GOV'T CODE § 12940(m)(2) et seq.)
### (Against All Defendants)

57. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

58. California law prohibits employers from retaliating against an employee for requesting an accommodation, regardless of whether the request was granted. Cal. Gov't Code, § 12900(m)(2).

59. Defendants' conduct as previously alleged was in retaliation for Plaintiff's request for an accommodation.

60. Defendants engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

61. Plaintiff's assertion of his rights under Cal. Gov't Code § 12900, et. seq. by requesting an accommodation was a substantial motivating reason for Defendant's decision to discriminate or otherwise retaliate against, discipline, and terminate Plaintiff's employment.

62. Defendant's discriminatory and retaliatory conduct was a substantial factor in causing Plaintiff harm.

63. Defendants committed unlawful retaliation in violation of Cal. Gov't Code, § 12900(m)(2) by denying Plaintiff's request for accommodation, subjecting him to adverse employment action, and terminating Plaintiff's employment, due to his request/need for accommodation.

64. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

65. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

66. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

67. Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

68. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION & RETALIATION
### (CAL. GOV'T CODE § 12940(k) et seq.)
### (Against All Defendants)

69. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

70. Defendants failed to take all reasonable steps to prevent discrimination and retaliation against Plaintiff from occurring and failed to take immediate corrective action to remedy the discrimination and retaliation, in violation of FEHA, Cal. Gov't Code § 12940(k).

71. Specifically, Defendants failed to take any disciplinary measures to prevent and/or remedy the discrimination against Plaintiff, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

72. Plaintiff's actual or perceived disability and request for accommodation led to Defendants' discriminatory and retaliatory conduct, in that it is conduct that occurred precisely because of Plaintiff's disability and Plaintiff's request for accommodation.

73. Plaintiff's actual or perceived disability and need for accommodation was a substantial motivating factor for the acts of discrimination and retaliation as previously mentioned.

74. Defendants' conduct was a substantial factor in causing Plaintiff harm.

75. As a direct and proximate result of Defendants' conduct and failures to act, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

76. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

77. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

78. Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

79. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

//

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

80.  Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

81.  At all times relevant to this Complaint, the FEHA was in full force and effect and binding upon Defendants. FEHA prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability in compensation, terms, conditions, privileges of employment. Cal. Gov. Code, § 12940(a), 12926(o).

82.  It is "the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability, mentally disability, [or] medical condition." Cal. Gov't Code § 12920.

83.  At all times relevant to this action, Cal. Gov't Code § 12900 *et seq.* were in full force and effect and were binding upon Defendants. These sections, *inter alia*, require Defendants to refrain from discriminating, retaliating against, or terminating any employee on the basis of disability, perceived disability, or history of disability, serious health condition, need for accommodations, or medical leave of absence, as previously pled herein.

84.  Defendants violated California public policy by discriminating against, retaliating against, and terminating Plaintiff because of his actual or perceived disability, and his need/request for accommodation.

85.  Defendant's conduct was in violation of fundamental, substantial public policies of this state, including, but not limited to the FMLA, and California Government Code section 12940, *et seq.*

86.  Plaintiff was harmed.

87.  Defendant's conduct was a substantial factor in causing harm to Plaintiff.

88. As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered actual, consequential, and incidental damages, including without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

89. As a direct, foreseeable, and proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation, embarrassment, and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

90. Defendant's acts were committed maliciously, fraudulently, and oppressively, with the wrongful intention of harming Plaintiff. Therefore, Plaintiff is entitled to punitive damages in amount subject to proof at trial.

91. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

92. Defendant's wrongful conduct has also necessitated the retention of legal counsel to pursue Plaintiff's claims, the costs of which should be borne by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For declaratory relief, i.e. a declaration of the Court that Defendant violated the Fair Employment and Housing Act with respect to Plaintiff's employment and his termination and provide instruction to Defendant to ensure future compliance;

2. For injunctive relief pursuant to California Government Code Section 12965(b)(3), including, without limitation, a requirement that Defendant conduct training for all employees, supervisors, and management on the requirements of the Fair Employment and Housing Act, the rights and remedies of those who allege a violation of the Fair Employment and Housing Act and the employer's internal grievance procedures;

3.  For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

4.  For punitive damages;

5.  For compensatory, general, and special damages, including front pay, in an amount according to proof;

6.  For statutory attorneys' fees;

7.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

8.  For costs of suit;

9.  For expert witness fees pursuant to FEHA; and

10. For such other and further relief as the Court may deem just and proper.

Dated: April 12, 2023

                        **TOWER LEGAL GROUP, P.C.**

                        By: _____
                            ARIEL A. PYTEL
                            Attorney for Plaintiff
                            JUAN JOHNSON

                   **<u>DEMAND FOR JURY TRIAL</u>**

        Plaintiff hereby demands trial by jury.

Dated: April 12, 2023

                        **TOWER LEGAL GROUP, P.C.**

                        By: _____
                            ARIEL A. PYTEL
                            Attorney for Plaintiff
                            JUAN JOHNSON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

April 12, 2023

Juan Johnson

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202304-20264712
      Right to Sue: Johnson / Hyde Caviar, LLC

Dear Juan Johnson:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective April 12, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Ariel A. Pytel (SBN 328917)
Tower Legal Group, P.C.
11335 Gold Express Drive, Suite 105, Gold River, CA 95670

TELEPHONE NO.: 916-361-6009     FAX NO. (Optional): 916-361-6019
ATTORNEY FOR (Name): Plaintiff, Juan Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil

CASE NAME:
Johnson v. Hyde Caviar, LLC

**ORIGINAL**

**Superior Court Of California, Sacramento**
**04/13/2023**
**bprasad**
**By**, **Deputy**
**Case Number:**
**34-2023-00337875**

**BY FAX**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 12, 2023

Ariel A. Pytel
(TYPE OR PRINT NAME)

▶ _Ariel Pytel_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

EXHIBIT D

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**<br><br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME: Gordon D Schaber Courthouse<br><br>PHONE NUMBER: (916) 874-5522 | |

| **SHORT TITLE:** Johnson vs. Hyde Caviar, LLC, a Delaware limited liabil | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br><br>34-2023-00337875-CU-WT-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 02/16/2024 in Department 38 in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
  -Served all parties named in the complaint within 60 days after the summons has been issued
  -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
  -Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov/PublicCaseAccess/

**Remote Appearances**
Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.


Dated: 04/14/2023

_Kenneth C. Mennemeier, Jr._
_____

Kenneth C. Mennemeier  , Judge of the Superior Court

EXHIBIT E

1   REYNOLDS TILBURY WOODWARD LLP
    ADRIAN J. WEBBER (Bar No. 259118)
2   AVALON J. FITZGERALD (Bar No. 288167)
    11601 Blocker Drive, Suite 105
3   Auburn, CA 95603
    Telephone:  (530) 885-8500
4   Facsimile:  (530) 885-8113
    awebber@rtwlawllp.com
5   afitzgerald@rtwlawllp.com

6   Attorneys for Defendant HYDE CAVIAR, LLC

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10

| | |
|---|---|
| JUAN JOHNSON, an individual | Case No.  34-2023-00337875-CU-WT-GDS |
| Plaintiff, | **ANSWER OF DEFENDANT HYDE CAVIAR, LLC TO PLAINTIFF JUAN JOHNSON'S COMPLAINT** |
| v. | |
| HYDE CAVIAR, LLC, a Delaware limited liability company; and DOES 1-25, inclusive | Complaint Filed:  April 13, 2023 |
| Defendants. | Trial Date:        Not Set |

17       Defendant  Hyde  Caviar  LLC  ("Defendant")  submits  its  Answer  to  Plaintiff  Juan

18   Johnson's ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

19                             **GENERAL DENIAL**

20       Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and

21   specifically, each and every allegation contained in Plaintiff's Complaint, and further denies that

22   Plaintiff has been damaged in the manner or amount alleged, or in any manner or amount, by

23   Defendant or any of its agents, employees, servants, or representatives. Defendant further denies,

24   generally and specifically, that Plaintiff is entitled to general, compensatory, punitive, or other

25   damages, in any amount by reason of any act or omission on the part of Defendant or on the part

26   of its agents, employees, servants, or representatives.

27   / / /

28

                                    1

1

**DEFENSES**

2      Without conceding that Defendant bears the burden of proof or persuasion as to any of

3 Plaintiff's causes of action other than as imposed by operation of law, and reserving its right to

4 assert additional defenses if appropriate as more information is discovered, Defendant asserts the

5 following separate defenses to each and every cause of action in the Complaint.

6

**FIRST DEFENSE**

7

**(Failure to State a Claim for Relief)**

8      As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

9 Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action

10 against Defendant.

11

**SECOND DEFENSE**

12

**(Binding Arbitration Agreement)**

13     As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

14 Defendant alleges that Plaintiff has a valid, binding arbitration agreement requiring arbitration of

15 each cause of action alleged in the Complaint.

16

**THIRD DEFENSE**

17

**(Failure to Exhaust Administrative Remedies)**

18     As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

19 Defendant alleges that the claims are barred to the extent Plaintiff failed to timely exhaust his

20 administrative remedies, the allegations in the Complaint fall outside the scope of any

21 administrative charges Plaintiff filed, and/or Plaintiff otherwise failed to comply with the

22 statutory prerequisites to the bringing of this action, pursuant to California Government Code

23 §12900 et seq.

24

**FOURTH DEFENSE**

25

**(Lack of Standing)**

26     As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

27 Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff lacks

28 standing to assert such claims for relief.

2

1

**FIFTH DEFENSE**

2

**(Statute of Limitations)**

3        As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

4   Defendant alleges that Plaintiff's claims are barred by the limitations period of California

5   Government Code section 12960, 12965(b), 12965(c)(1)(C) and California Code of Civil Procedure

6   sections 335.1, 338(a), and any other applicable code section as enacted at the time of the events

7   described herein.

8

**SIXTH DEFENSE**

9

**(Workers' Compensation Act Preemption)**

10       As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

11  Defendant alleges that this Court lacks jurisdiction over any claim by Plaintiff for alleged mental,

12  emotional, and/or physical distress on the grounds that such claims are subject to the exclusive

13  provisions of the California Workers' Compensation Act. Alternatively, Defendant alleges that it

14  may be entitled to a set-off for any amounts paid to Plaintiff pursuant to the California Workers'

15  Compensation Act.

16

**SEVENTH DEFENSE**

17

**(No Causation)**

18       As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

19  Defendant alleges that it was not the cause in fact or proximate cause of the injuries alleged in

20  Plaintiff's Complaint.

21

**EIGHTH DEFENSE**

22

**(Fault of Third Parties)**

23       As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

24  Defendant alleges that the Complaint, and each purported cause of action alleged therein, is

25  barred in whole or in part and/or recovery is precluded because the incidents alleged in the

26  Complaint were caused by the fault of other persons and entities of other parties and/or non-

27  parties to this action.

28  / / /

**NINTH DEFENSE**

**(Legitimate, Nondiscriminatory Reasons)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that the alleged actions complained of were not based upon a discriminatory reason, but were based upon legitimate, nondiscriminatory, job-related reasons.

**TENTH DEFENSE**

**(Legitimate, Non-Retaliatory Reasons)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant asserts that Plaintiff's retaliation claim is barred because any adverse employment actions against Plaintiff were taken for legitimate, non-retaliatory, job-related reasons.

**ELEVENTH DEFENSE**

**(No Request for Reasonable Accommodation)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff never requested a reasonable accommodation.

**TWELFTH DEFENSE**

**(No Failure to Provide Accommodate)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that, to the extent Plaintiff requested a reasonable accommodation, Defendant agreed to provide a reasonable accommodation.

**THIRTEENTH DEFENSE**

**(Mixed Motive)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant asserts that, even if it is determined that a discriminatory or retaliatory reason motivated the adverse employment action as alleged by Plaintiff, which Defendant has and continues to deny, Defendant would have, in any event, taken the same action based upon other legitimate, non-discriminatory or non-retaliatory reasons standing alone and in the absence of the alleged discriminatory or retaliatory reason.

/ / /

1

**FOURTEENTH DEFENSE**

2

**(Managerial Discretion)**

3       As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

4   Defendant alleges that Defendant's actions were a just and proper exercise of managerial

5   discretion, which were undertaken for a fair and honest reason regulated by good faith under the

6   circumstances then existing.

7

**FIFTEENTH DEFENSE**

8

**(Legitimate Business Purpose)**

9       As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

10  Defendant alleges that Defendant was fully justified, and exercised reasonable care, prudence, skill,

11  and business judgment with respect to Plaintiff, and that any decisions with respect to Plaintiff's

12  employment were made by Defendant solely for legitimate, non-discriminatory, non-retaliatory

13  business-related reasons and were reasonably based upon the facts as Defendant understood them.

14

**SIXTEENTH DEFENSE**

15

**(Undue Hardship)**

16      As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

17  Defendant alleges that accommodating Plaintiff's alleged disability would have created an undue

18  hardship to the operation of its business.

19

**SEVENTEENTH DEFENSE**

20

**(Pre-Existing Condition)**

21      As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein,

22  Defendant alleges that to the extent Plaintiff has suffered any emotional pain, suffering,

23  inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which

24  Defendant denies, Defendant is not responsible to the extent that some or all of such injuries are

25  due to personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing

26  conditions.

27  / / /

28

**EIGHTEENTH DEFENSE**

**(Not a Qualified Individual)**

As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, Defendant alleges that Plaintiff is barred from recovery because Plaintiff was not a qualified individual within the meaning of the Fair Employment and Housing Act.

**NINETEENTH DEFENSE**

**(Failure to Use Ordinary Care and Diligence)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that any recovery by Plaintiff is barred by California Labor Code Sections 2854, 2856, 2858, and 2859, in that Plaintiff has failed to use ordinary care and diligence in the performance of his duties, failed to comply substantially with the reasonable directions of his employer, and failed to exercise a reasonable degree of skill in performing his job duties.

**TWENTIETH DEFENSE**

**(Comparative Fault)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that any recovery by Plaintiff is barred or must be reduced as a result of Plaintiff's comparative fault.

**TWENTY-FIRST DEFENSE**

**(Willful Misconduct)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff engaged in willful misconduct which precludes maintenance of this action and was a proximate cause of the claimed damages, if any damages were sustained.

**TWENTY-SECOND DEFENSE**

**(After-Acquired Evidence)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff's claims and any recovery thereon is barred by the doctrine of after-acquired evidence. Alternatively, to the extent Plaintiff is entitled to recover damages, such damages must be reduced in accordance with the doctrine of after-acquired evidence.

**TWENTY-THIRD DEFENSE**

**(Consent/Ratification)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred by the doctrines of consent and/or ratification.

**TWENTY-FOURTH DEFENSE**

**(Estoppel)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

**TWENTY-FIFTH DEFENSE**

**(Laches)**

As a separate defense to Plaintiff's Complaint, Defendant alleges that Plaintiff has unreasonably delayed bringing this action to the prejudice of Defendant, and therefore Plaintiff's Complaint is barred by the doctrine of laches.

**TWENTY-SIXTH DEFENSE**

**(Unclean Hands)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff came to this Court with unclean hands, and is, therefore, barred from recovery.

**TWENTY-SEVENTH DEFENSE**

**(Waiver)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff's Complaint is barred by the doctrine of waiver.

**TWENTY-EIGHTH DEFENSE**

**(Offset)**

As a separate and affirmative defense to Plaintiff's Complaint, and to each claim for relief therein, Defendant alleges that any recovery by Plaintiff is barred in whole or in part because it is subject to an offset for any monies she received from any source after she ceased to be

employed by Defendant, consistent with the common law doctrine of offset and the doctrine prohibiting double recovery set forth under *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

### TWENTY-NINTH DEFENSE

### (Failure to Mitigate)

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff's recovery in this action is barred by Plaintiff to exercise reasonable care and diligence to mitigate his alleged damages. Alternatively, Defendant alleges that any recovery by Plaintiff should be reduced by those damages that Plaintiff failed to mitigate.

### THIRTIETH DEFENSE

### (Punitive Damages)

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that it cannot be held liable for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advanced knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others, and Defendant had implemented in good faith one or more policies prohibiting the alleged acts or omissions and/or had otherwise had made good faith efforts to comply with the applicable law.

### THIRTY-FIRST DEFENSE

### (Constitutional Limits on Punitive Damages)

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that Plaintiff's claim for punitive damages is barred by the due process and/or equal protection clauses of the Fifth Amendment and Fourteenth Amendments to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and the corresponding provisions of the Constitution of the State of California, including Articles I and IV.

/ / /

**THIRTY-SECOND DEFENSE**

**(Not Disabled)**

As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, Defendant alleges that Plaintiff is barred from recovery because Plaintiff was not disabled within the meaning of the Fair Employment and Housing Act.

**THIRTY-THIRD DEFENSE**

**(No Equitable Relief)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that equitable relief is not available because Plaintiff has failed to avail himself of plain, adequate, or complete remedies at law available to them.

**THIRTY-FOURTH DEFENSE**

**(Recoupment)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that if any damages have been sustained by Plaintiff, which Defendant denies, Defendant is entitled to an offset or recoupment against any judgment that may be entered against Defendant for any overpayments and/or obligations that Plaintiff owes to Defendant.

**THIRTY-FIFTH DEFENSE**

**(Reservation of Rights)**

As a separate defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that because Plaintiff's Complaint is couched with conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action, and Defendant currently has insufficient knowledge or information as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1.      Plaintiff take nothing by way of his Complaint;

/ / /

1    2.    The Court awards Defendant its costs, attorneys' fees, and any other relief

2          permitted by law;

3    3.    The Court enter judgment in favor of Defendant and against Plaintiff on all causes

4          of action;

5    4.    Defendant be awarded its costs of suit herein;

6    5.    Defendant be awarded its attorneys' fees according to proof; and

7    6.    For such other relief as the Court deems just and proper.

8

9    Dated:  May 19, 2023                    REYNOLDS TILBURY WOODWARD LLP

10

11

12                                   By: _____

13                                        AVALON JOHNSON FITZGERALD
                                          Attorneys for Defendant
14                                        HYDE CAVIAR, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE

**CASE TITLE**:   *Juan Johnson v. Hyde Caviar LLC*
**COURT**:        County of Sacramento Superior Court
**CASE NO.**:     34-2023-00337875-CU-WT-GDS

I am a citizen of the United States, and I am employed in Placer County, State of California. My business address is Reynolds Tilbury Woodward LLP, 11601 Blocker Drive, Ste. 105, Auburn, CA 95603, and my electronic mail address is btaylor@rtwlawllp.com. I am over the age of 18 years and not a party to the above-entitled action.

I am familiar with Reynolds Tilbury Woodward LLP's office practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in the U.S. mailbox after the close of each day's business.

On May 19, 2023, I served the following:

**ANSWER OF DEFENDANT HYDE CAVIAR, LLC TO
PLAINTIFF JUAN JOHNSON'S COMPLAINT**

☑ on the party(ies) in this action by causing a true copy(ies) thereof to be placed in a sealed envelope with postage thereon fully prepaid and deposited in the designated area for outgoing U.S. Mail addressed as follows:

☐ on the party(ies) in this action by causing a true copy(ies) thereof to be delivered by hand as follows:

☐ on the party(ies) in this action by causing a true copy(ies) thereof to be delivered by Overnight Delivery in a sealed envelope(s) with receipts affixed thereto promising overnight delivery thereof addressed as follows:

☐ on the party(ies) in this action by causing a true copy(ies) thereof to be delivered by electronic transmission as follows:

James A. Clark
Renee P. Ortega
Ariel A. Pytel
Tower Legal Group, PC
11335 Gold Express Drive, Suite 105
Gold River, CA 95670
Ph:     (916) 361-6009
F:      (916) 361-6019
Email: james.clark@towerlegalgroup.com
        Renee.ortega@towerlegalgroup.com
        Ariel.pytel@towerlegalgroup.com

Attorneys for Plaintiff Juan Johnson

/ / /

PROOF OF SERVICE

1

2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on May 19, 2023, at Auburn, California.

3

4

_____
Barb Taylor

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE